# EXHIBIT A

Actions

| Name | Description | Type | Motion Roster | Begin Date | Completion Date |
|---|---|---|---|---|---|
| Fivecoate, Robert | ADR/Alternative Dispute Resolution (Workflow) | Action | | 11/28/2025-11:04 | |
| Lowe'S Home Centers, Llc | NEF(07-17-2025 11:12:13 AM) Order/Protective Order | Filing | | 07/17/2025-11:12 | |
| Lowe'S Home Centers, Llc | Order/Protective Order | Order | | 07/17/2025-11:12 | |
| Lowe'S Home Centers, Llc | NEF(07-16-2025 11:28:18 AM) Motion/Other | Filing | | 07/16/2025-11:41 | |
| Lowe'S Home Centers, Llc | Motion/Entry of Confidentiality Order | Motion | | 07/16/2025-11:28 | 07/17/2025-11:28 |
| Lowe'S Home Centers, Llc | NEF(06-20-2025 02:50:48 PM) Answer/Answer | Filing | | 06/20/2025-15:01 | |
| Lowe'S Home Centers, Llc | Answer/Answer | Filing | | 06/20/2025-14:50 | |
| Lowe'S Home Centers, Llc | NEF(06-20-2025 02:30:16 PM) Notice/Notice of Appearance | Filing | | 06/20/2025-14:30 | |
| Lowe'S Home Centers, Llc | Notice/Notice of Appearance | Filing | | 06/20/2025-14:30 | |
| Fivecoate, Robert | NEF(06-02-2025 09:49:04 AM) Service/Affidavit Of Service | Filing | | 06/02/2025-10:42 | |
| Fivecoate, Robert | Service/Affidavit Of Service on Lowe'S Home Centers, Llc | Filing | | 06/02/2025-09:49 | |
| Fivecoate, Robert | Summons & Complaint | Filing | | 05/02/2025-11:04 | |

CSC

null / ALL
Transmittal Number: 31482312
Date Processed: 05/23/2025

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Heather McClow<br>Lowe's Companies, Inc.<br>1000 Lowes Blvd<br>Mooresville, NC 28117-8520 |

| | |
|---|---|
| Entity: | Lowe's Home Centers, LLC<br>Entity ID Number 2515365 |
| Entity Served: | Lowe's Home Centers, LLC, d/b/a Lowe's Summerville Store # 0358 |
| Title of Action: | Robert Fivecoate vs. Lowe's Home Centers, LLC, d/b/a Lowe's Summerville Store # 0358 |
| Matter Name/ID: | Robert Fivecoate vs. Lowe's Home Centers, LLC, d/b/a Lowe's Summerville Store # 0358 (17362474) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Berkeley County Court of Common Pleas, SC |
| Case/Reference No: | 2025-CP-08-01514 |
| Jurisdiction Served: | South Carolina |
| Date Served on CSC: | 05/21/2025 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Miller, Dawson, Sigal & Ward, LLC<br>843-284-7780 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

MILLER, DAWSON,
SIGAL & WARD, LLC
INJURY ATTORNEYS

4969 CENTRE POINTE DRIVE, STE 103B
NORTH CHARLESTON, SC 29418
PHONE: (843) 284-7780
FAX: (843) 284-9118

May 13, 2025

**Process Server**
Lowe's Home Centers, LLC
Registered Agent: CT Corporation System
508 Meeting Street
West Columbia, SC 29169

**RE:** ***Robert Fivecoate v. Lowe's Home Centers, LLC d/b/a Lowe's Summerville Store # 0358***
***Case #: 2025-CP-08-01514***

To Whomever It May Concern:

Enclosed for service upon you, please find a copy of the filed Summons and Complaint and a copy of Plaintiff's First Interrogatories to Defendant Lowe's Home Centers, LLC, D/B/A/ Lowe's Summerville Store # 0358 and Plaintiff's First Requests for Production to Defendant Lowe's Home Centers, LLC, D/B/A Lowe's Summerville Store # 0358 the for the above-referenced case. Should you have any questions, please do not hesitate to contact my office.

With kind regards,

Jeffrey W. Ward, Jr., Esq.
Attorney

JWW/lo
Enclosures

ELECTRONICALLY FILED - 2025 May 02 11:04 AM - BERKELEY - COMMON PLEAS - CASE#2025CP0801514

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF BERKELEY | ) | |
| | ) | CASE NO.: 2025-CP-08-__________ |
| Robert Fivecoate, | ) | |
| Plaintiff, | ) | |
| vs. | ) | **SUMMONS** **(Jury Trial Demanded)** |
| Lowe's Home Centers, LLC, d/b/a Lowe's Summerville Store # 0358, | ) | |
| Defendant. | ) | |

TO ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this Complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

**MILLER, DAWSON, SIGAL & WARD, LLC**

s/ Jeffrey W. Ward, Jr.
Jeffrey W. Ward, Jr., Esq. (SC Bar No. 102399)
Amy E. McLaren, Esq. (SC Bar No. 101308)
4969 Centre Point Drive, Ste. 103
North Charleston, SC 29418
*p* 843-284-7780
*f* 843-284-9118
Ward@MDSWLegal.com
Amy@MDSWLegal.com

*Attorneys for Plaintiff*

North Charleston, SC
May 2, 2025

ELECTRONICALLY FILED - 2025 May 02 11:04 AM - BERKELEY - COMMON PLEAS - CASE#2025CP0801514

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF BERKELEY | ) | |
| | ) | CASE NO.: 2025-CP-08-__________ |
| Robert Fivecoate, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | **(Jury Trial Demanded)** |
| Lowe's Home Centers, LLC, d/b/a Lowe's | ) | |
| Summerville Store # 0358, | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, Robert Fivecuate, by and through his undersigned attorneys, complaining of the above-named Defendant, Lowe's Home Centers, LLC, d/b/a Lowe's Summerville Store # 0358, would allege and show unto the Court the following:

**JURISDICTION AND VENUE**

1. That Plaintiff, Robert Fivecoate (hereinafter "Plaintiff"), is a citizen and resident of the County of Berkeley, State of South Carolina.

2. Upon information and belief, Defendant Lowe's Home Centers, LLC, d/b/a Lowe's Summerville Store # 0358, (hereinafter "Lowe's"), is a North Carolina limited liability company, organized and existing under the laws of the State of North Carolina, which conducts business in the County of Berkeley, State of South Carolina, and that at all times hereinafter mentioned held a South Carolina business license and can be served through its registered agent Corporation Service Company, 508 Meeting Street, West Columbia, South Carolina 29169.

3. Upon information and belief, at all times relevant herein, Defendant Lowe's owned and operated the Lowe's Summerville Store # 0358, located at 1207 N. Main Street, Summerville, South Carolina 29483.

4. Plaintiff was injured as a result of an incident occurring in Lowe's Summerville Store # 0358 on or about May 8, 2022.

ELECTRONICALLY FILED - 2025 May 02 11:04 AM - BERKELEY - COMMON PLEAS - CASE#2025CP0801514

5. This Court has subject matter jurisdiction over the claims asserted herein, personal jurisdiction over the parties hereto, and venue is proper in Berkeley County.

**FOR A FIRST CAUSE OF ACTION**
(Premises Liability; Negligent and Reckless Conduct)

6. Plaintiff realleges and reincorporates the above paragraphs as if fully set forth herein verbatim.

7. On or about, May 8, 2022, Plaintiff lawfully entered Lowe's Summerville Store # 0358 located at 1207 N. Main Street, Summerville, South Carolina, to purchase household items.

8. Upon entering, Plaintiff went to the garden section where a low flat cart had been improperly left in the middle of one of the aisles.

9. At all times relevant herein, Defendant Lowe's and/or its employees, agents and/or representatives knew or should have known about the low flat cart improperly left in the middle of the garden aisle.

10. Upon information and belief, Defendant Lowe's and/or its employees, agents and/or representatives failed to protect business invitees, including Plaintiff, from the presence of a dangerous condition located in the garden section aisle that presented a fall hazard.

11. Due to the lack of warning placards, signs and/or cones, and/or the failure to properly store the low flat cart by Defendant Lowe's and/or its employees, agents and/or representatives, Plaintiff was unable to notice, anticipate, and/or avoid the presence of the dangerous condition present in Lowe's Summerville Store # 0358.

12. That on or about, May 8, 2022, while turning the corner of the aisle of where the low flat cart was located, Plaintiff tripped over the low flat cart and fell face first onto the concrete walkway.

13. As a result of his fall, Plaintiff experienced significant injuries and other damages including but not limited to medical bills, pain and suffering, and other damages.

ELECTRONICALLY FILED - 2025 May 02 11:04 AM - BERKELEY - COMMON PLEAS - CASE#2025CP0801514

14. Defendant Lowe's and/or its employees, agents and/or representatives owed Plaintiff, an invitee, a non-delegable duty to exercise reasonable care to provide and maintain customers, including Plaintiff, with a safe shopping experience, free from dangerous conditions known or should have been known to Defendant Lowe's.

15. Defendant Lowe's was negligent, grossly negligent, careless, reckless, willful and wanton in one or more of the following particulars, to wit:

a. In failing to remove or correct the fall hazard or warn the Plaintiff of its existence;

b. In knowingly creating an unreasonably dangerous condition of which the Plaintiff was unaware;

c. In violating its own policies and procedures with regard to notifying shoppers of potential hazards;

d. In failing to warn the public at large of a dangerous condition;

e. In violating its own policies and procedures by failing to observe and correct a known dangerous condition;

f. In failing to adequately provide for the general safety of Plaintiff and the public at large; and

g. In such other and further particulars as evidence may show.

16. That as the direct and proximate result of the aforesaid negligent, grossly negligent, careless, reckless, willful and wanton acts or omissions of Defendant Lowe's and/or its employees, agents and/or representatives, Plaintiff suffered great and permanent physical harm and injury, all of which has, and will in the future, cause him to undergo extensive medical treatment, physical pain, suffering, and mental anguish; has, and will in the future, cause him to spend significant amounts of money for medicine and medical services; and caused him to suffer significant economic losses present and future.

ELECTRONICALLY FILED - 2025 May 02 11:04 AM - BERKELEY - COMMON PLEAS - CASE#2025CP0801514

17. Defendant Lowe's and/or its employees, agents and/or representatives breached South Carolina laws and statutes, as well as Defendant Lowe's own policies and procedures, which are designed to protect invitees, including Plaintiff, from injury.

18. All of the above negligent, willful, wanton, careless, and reckless acts and/or omissions are in violation of the policies and procedures of Defendant Lowe's, as well as, statutes, rules, and laws of the State of South Carolina, and are the direct and proximate cause of the injuries and damages suffered by Plaintiff.

19. As such, Plaintiff is entitled to judgment against Defendant Lowe's for actual and punitive damages as determined by a jury.

**FOR A SECOND CAUSE OF ACTION**
(Negligent Hiring, Supervision and Retention)

20. Plaintiff realleges and reincorporates the above Paragraphs as if fully set forth herein verbatim.

21. Defendant Lowe's owed statutory and common law duties to the Plaintiff not to negligently hire, supervise and retain employees.

22. Defendant Lowe's knew or should have known that its employees, agents and/or representatives were untrained and incapable of complying with common law duties, state laws, and Defendant's own policies and procedures all meant to protect invitees such as Plaintiff.

23. Defendant Lowe's knew or should have known that its employees, agents and/or representatives' inexperience and lack of training were evidence that they was unable to comply with industry standards, state laws, and Defendant's own policies and procedures, and were therefore reckless employees.

24. Defendant Lowe's failed to properly supervise and train its employees, agents and/or representatives and allowed them work shifts and remained employed by Defendant Lowe's

ELECTRONICALLY FILED - 2025 May 02 11:04 AM - BERKELEY - COMMON PLEAS - CASE#2025CP0801514

without the most basic training in violation of industry standards, state law, and Defendant's own policies and procedures.

25. Plaintiff's trip, fall, and resulting damages suffered were the direct, foreseeable and proximate result of the negligent, careless, willful, wanton, reckless, and grossly negligent acts or omissions of Defendant Lowe's, in the following particulars, to wit:

a. In failing to properly train its employees/agents in a reasonable manner;

b. In hiring these particular employees, when Defendant Lowe's knew or should have known that they were likely to cause injuries to an invitee such as Plaintiff;

c. In failing to adequately train these employees in how to properly maintain aisles and walkways free of dangerous conditions during open store hours and while invitees were present;

d. In failing to adequately supervise these employees;

e. In failing to have its employees and agents properly administer their duties;

f. In negligently retaining its employees and agents;

g. In failing to have or follow policies and procedures to monitor the actions of its employees;

h. In failing to have or follow policies and procedures to ensure that an incident, such as Plaintiff's trip, fall, and resulting damages, does not occur;

i. In failing to have or in violating policies or procedures to adequately address the actions and conduct of their employees;

j. In hiring and retaining negligent and grossly negligent employees;

k. In failing to appreciate the gravity and seriousness of hiring and retaining negligent and grossly negligent employees;

ELECTRONICALLY FILED - 2025 May 02 11:04 AM - BERKELEY - COMMON PLEAS - CASE#2025CP0801514

l. In failing to have in place appropriate policies and procedures to ensure compliance with the South Carolina Code and South Carolina Regulations;

m. In failing to exercise the degree of care and caution that a reasonable and prudent entity would have exercised under the circumstances then and there prevailing; and

n. In such other and further particulars as the evidence at trial may show.

26. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Defendant Lowe's, Plaintiff has suffered injuries, which have caused, and in the future will cause, pain, suffering, permanent impairment, depression and loss of enjoyment of life.

27. As such, Plaintiff is entitled to judgment against Defendant Lowe's for actual and punitive damages as determined by a jury.

WHEREFORE, Plaintiff Robert Fivecoate prays for the following:

i. Judgment against Defendant for actual and punitive damages in an amount to be determined by the jury;

ii. For the costs of this action; and

iii. For such other and further relief as this court deems just and proper.

[Signature page to follow]

ELECTRONICALLY FILED - 2025 May 02 11:04 AM - BERKELEY - COMMON PLEAS - CASE#2025CP0801514

Respectfully submitted,

**MILLER, DAWSON, SIGAL & WARD, LLC**

By: s/ Jeffrey W. Ward, Jr.
Jeffrey W. Ward, Jr., Esq. (SC Bar No. 102399)
Amy E. McLaren, Esq. (SC Bar No. 101308)
4969 Centre Point Drive, Ste. 103
North Charleston, SC 29418
*p* 843-284-7780
*f* 843-284-9118
Ward@MDSWLegal.com
Amy@MDSWLegal.com

*Attorneys for Plaintiff*

North Charleston, SC
May 2, 2025

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF BERKELEY | ) | |
| | ) | CASE NO.: 2025-CP-08-01514 |
| Robert Fivecoate, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PLAINTIFF'S FIRST INTERROGATORIES |
| | ) | DEFENDANT LOWE'S HOME CENTERS, |
| Lowe's Home Centers, LLC, d/b/a Lowe's | ) | LLC, D/B/A LOWE'S SUMMERVILLE |
| Summerville Store # 0358, | ) | STORE # 0358 |
| | ) | |
| Defendant. | ) | |

**TO: DEFENDANT LOWE'S HOME CENTERS, LLC, D/B/A LOWE'S SUMMERVILLE STORE # 0358:**

The Plaintiff, Robert Fivecoate, propounds the following interrogatories pursuant to Rule 33 of the South Carolina Rules of Civil Procedure. Responses to the following interrogatories are required within forty-five (45) days of service upon you. These interrogatories are deemed continuing and any information they elicit which is not presently available should be produced to Plaintiff in a timely manner.

"Lowe's," as referenced below, is the Defendant Lowe's Home Centers, LLC, d/b/a Lowe's Summerville Store # 0358 located at 1207 N. Main Street, Summerville, SC 29483 and the location of the fall that is the subject of this lawsuit.

"The low flat cart" as referenced below, is the cart referenced in Plaintiff's Complaint causing Plaintiff's fall.

**INTERROGATORIES**

1. Give the names and addresses of persons known to the parties or counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.

2. For each person known to the parties or counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.

3. Set forth a list of photographs, plats, sketches or other prepared documents in possession of the party that relate to the claim or defense in the case.

4. Set forth the names and addresses of all insurance companies which have insurance coverage relating to the claim and set forth the number or numbers of the policies involved and the amount or amounts of coverage provided in each policy.

5. List the names and addresses of any expert witnesses whom the party proposes to use as a witness at the trial of the case.

6. For each witness listed in response to the preceding interrogatory, please state the subject matter upon which the proposed expert is expected to testify, state the qualifications of the expert to provide such testimony, state the opinions to which the proposed expert is expected to testify, and state the facts and opinions upon which the expert relied in reaching such opinions and conclusions.

7. Please set forth in detail the factual basis for each denial of any allegation of the Complaint and list the witness who will testify to that effect.

8. Prior to the incident, had any employee, manager or owner of Lowe's ever been informed, notified, or observed the existence of a possible hazard or any previous falls associated with the low flat carts. If so, please state the date, nature of such notification(s), the name(s) of person(s) relaying such information, and the name(s) of person(s) receiving such information.

9. Identify any and all incident reports, injury reports, falls, statements and/or complaints received by Lowe's and/or its employees, agents, and representatives with regard to any injuries at Lowe's from May 8, 2012, to the present.

10. Identify all contacts with the Plaintiff by the Defendant, or any of the Defendant's employees, managers, owners, or other agents following the time of Plaintiff's fall up to and including through the present. This interrogatory should be supplemented as appropriate up to and including the time of trial.

11. Identify with specificity, including name, address and telephone number, the manager of the Defendant Lowe's at the time of Plaintiff's injury.

12. If you contend that you are not responsible for the damages sustained by the Plaintiff, please describe, in detail, who or what party is responsible and why.

13. Identify all civil lawsuits filed in the past six years in which Lowe's or any other entity that owns or is owned by Lowe's, is named as a defendant in such litigation. In responding, provide the caption of the case, the civil action number, the court in which such action was filed. Identify whether or not the case is still pending and the disposition of such claim if ended. Provide the name, address and telephone number of Defendant's counsel in all such cases.

14. State the names, last known addresses, and job titles or descriptions of any and all managers, agents and employees of Defendant who were working at Lowe's on May 8, 2022. Further, for each such person, list the time(s) which they worked on said dates.

15. Are you in possession of a video of Plaintiff's fall as well as the video footage of the fall location for one hour before Plaintiff's fall?

16. Identify the location of all cameras present at Lowe's presently and on May 8, 2022.

17. What is Lowe's video retention program?

18. Identify any and all procedures for keeping Lowe's free of fall hazards.

19. Describe Lowe's training of its employees regarding carts like the one Plaintiff tripped over when Lowe's employees are not actively participating in other duties.

20. State whether Lowe's has a policy with regard to investigating falls, and if so, explain in detail said policy.

21. If you allege that the Defendant is improperly identified in the case caption, or that some other party should be named in addition to Lowe's, please so state with specificity.

22. If you allege that service of process is in any way deficient, please so state with specificity.

**These Interrogatories shall be deemed continuing to require supplemental answers if the parties or counsel obtain further information subsequent to the answers to the above Interrogatories between the time answers are served and the time of trial.**

Respectfully submitted,

**MILLER, DAWSON, SIGAL & WARD, LLC**

s/ Jeffrey W. Ward, Jr.
Jeffrey W. Ward, Jr., Esq. (SC Bar No. 102399)
Amy E. McLaren, Esq. (SC Bar No. 101308)
4969 Centre Point Drive, Ste. 103
North Charleston, SC 29418
*p* 843-284-7780
*f* 843-284-9118
Ward@MDSWLegal.com
Amy@MDSWLegal.com

*Attorneys for Plaintiff*

North Charleston, SC
May 13, 2025

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF BERKELEY | ) | IN THE COURT OF COMMON PLEAS<br>FOR THE NINTH JUDICIAL CIRCUIT |
| Robert Fivecoate,<br><br>Plaintiff,<br><br>vs.<br><br>Lowe's Home Centers, LLC, d/b/a Lowe's Summerville Store # 0358,<br><br>Defendant. | ) | CASE NO.: 2025-CP-08-01514<br><br>PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT LOWE'S HOME CENTERS, LLC, D/B/A LOWE'S SUMMERVILLE STORE # 0358 |

**TO: DEFENDANT LOWE'S HOME CENTERS, LLC, D/B/A LOWE'S SUMMERVILLE STORE # 0358:**

The following written production requests are served on you pursuant to the provisions of the South Carolina Rules of Civil Procedure 34. You are required to respond to these production requests separately and fully, in writing, under oath and serve a copy of such responses upon me with 45 days after service hereof.

"Lowe's," as referenced below, is the Defendant Lowe's Home Centers, LLC, d/b/a Lowe's Summerville Store # 0358 located at 1207 N. Main Street, Summerville, SC 29483 and the location of the fall that is the subject of this lawsuit.

"The low flat cart" as referenced below, is the cart referenced in Plaintiff's Complaint causing Plaintiff's fall.

**REQUESTS TO PRODUCE**

1. Any and all writings, photographs, moving pictures, maps, plats, drawings, diagrams, measurements, surveys or other documentary materials or tangible objects related to the case and/or of the areas and persons involved made either before, after or at the time of the incident in question.

2. Any and all written or recorded statements made by any witnesses or persons,

including the parties to this action, pertaining to the incident which is the subject matter of this action.

3. Copies of any and all statements given by any other witness(es) to the incident described in the Complaint which are in the possession of, or can reasonably be obtained by, the Defendant or counsel, whether written, or recorded, or on a tape recorder, or otherwise.

4. Copies of any and all statements given by any individual who has any knowledge of the incident described in the Complaint OR who were in the presence of Robert Fivecoate on the date of the incident, which are in the possession of, or can reasonably be obtained by, the Defendant or counsel, whether written, recorded, on a tape recorder, or otherwise.

5. Copies of any and all other statements, memoranda, reports, records, photographs, moving pictures, audiotapes, videotapes, drawings, charts, maps, diagrams or other documentary and/or tangible materials which in any other way might relate to the Defendant's defense(s) herein which are within the possession of, or can reasonably obtained by, the Defendant or counsel.

6. Any and all photographs, slides, moving pictures, or surveillance video or other visual images recorded of Plaintiff's fall on May 8, 2022, at Lowe's.

7. The video surveillance for the timeframe of one (1) hour prior to the subject incident of the area where Plaintiff fell. This video surveillance is the same footage previously confirmed via email on January 18, 2023, by Defendant as being preserved.

8. To permit the Plaintiff to inspect, photograph and copy any and all photographs, plats, diagrams or other documents which are in the possession of, or may reasonably be obtained by, the Defendant or counsel, which reasonably relate to the matters alleged in the Complaint herein, or to the Defendant's defenses, to include negatives of such photographs.

9. Copies of every document or record received in response to any subpoena served by

Defendant.

10. Copies of all insurance policies, declaration pages and related documents setting forth any insurance coverage that may apply to the claims in this matter, including any documents that question coverage, such as a reservation of rights letter.

11. An affidavit of insurance coverage from a company executive certifying that the insurance policies disclosed and produced in response to these discovery requests represent all available coverage that exist including any and all excess policies.

12. Copies of any and all written reports by expert witnesses retained for use at trial or identified as witnesses for trial in response to the Plaintiff's Interrogatories, including but not limited to the following:

a. All documents, including draft notes, preliminary reports, and/or final reports, prepared in whole or in part by the expert on the subject matter and in connection with those matters about which the expert is expected to testify at trial;

b. All documents sent to the expert by the Defendant or its counsel in reference to this litigation;

c. All documents upon which the expert will rely for the opinion(s) that the expert will express at trial;

d. All documents utilized, relied upon, consulted and/or reviewed by the expert in connection with this litigation to the best of the expert's recollection;

e. All documents setting forth any compensation agreement between Defendant or its counsel and the expert;

f. Identification by court, term, case number and date, any and all litigation wherein the expert was either a party or testified as a witness;

g. All documents used or relied upon by the expert in preparing answers to expert Interrogatories;

h. All documents that have been or will be shown to the expert during or in preparation of the expert's testimony at deposition or trial; and

i. All documents, including a *curriculum vitae*, that the Defendant contends will establish the expert's qualifications for trial purposes.

13. Copies (transcribed or recorded) of any recorded statement taken of any party or witness by any insurance adjuster, investigator, police officer, or anyone else relating to this accident.

14. Please produce Defendant's Federal and State income tax returns with all schedules for the past five (5) years.

15. A privilege log listing all documents withheld from production or identification for any reason that could in any way possible be responsive to any of these Requests for Production or Interrogatories.

16. To the extent not otherwise covered by one of the foregoing requests, provide copies of all documents referred to or identified by the Defendant in its responses to the Plaintiff's Interrogatories.

**These Requests for Production shall be deemed continuing to require supplemental responses if the parties or counsel obtain further information subsequent to the responses to the above Requests for Production between the time responses are served and the time of trial.**

Respectfully submitted,

**MILLER, DAWSON, SIGAL & WARD, LLC**

s/ Jeffrey W. Ward, Jr.
Jeffrey W. Ward, Jr., Esq. (SC Bar No. 102399)
Amy E. McLaren, Esq. (SC Bar No. 101308)
4969 Centre Point Drive, Ste. 103
North Charleston, SC 29418
*p* 843-284-7780
*f* 843-284-9118
Ward@MDSWLegal.com
Amy@MDSWLegal.com

*Attorneys for Plaintiff*

North Charleston, SC
May 13, 2025

ELECTRONICALLY FILED - 2025 Jun 20 2:50 PM - BERKELEY - COMMON PLEAS - CASE#2025CP0801514

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF BERKELEY** | ) | **C.A. NO.: 2025-CP-08-01514** |
| **Robert Fivecoate,** | ) | |
| **Plaintiff,** | ) | **ANSWER OF DEFENDANT LOWE'S HOME CENTERS, LLC** |
| **vs.** | ) | |
| **Lowe's Home Centers, LLC d/b/a Lowe's Summerville Store #0358,** | ) | |
| **Defendant.** | ) | |

COMES NOW Defendant, Lowe's Home Centers, LLC., and in answering the Plaintiff's Complaint, hereby shows unto the Court as follows:

**FOR A FIRST DEFENSE**

1. Defendant fails to have information sufficient to form a belief as to the allegations stated in paragraph 1 of the Complaint, and Defendant denies the allegations on that basis.

2. Defendant admits the allegations in paragraph 2 of the Complaint as they relate to Lowe's Home Centers, LLC.

3. Defendant admits in part and denies in part the allegations contained in paragraph 3 of the Complaint. Lowe's Home Centers, LLC owns the building at the location of 1207 N. Main Street, Summersville, SC, but leases the land.

4. Defendant denies the allegations contained in paragraph 4 of the Complaint and demands strict proof thereof.

5. Answering the allegations of paragraph 5 of the Complaint, Defendant submits said allegations appear to be legal conclusions to which no response of this Defendant would be required, and Defendant denies the allegations on that basis

ELECTRONICALLY FILED - 2025 Jun 20 2:50 PM - BERKELEY - COMMON PLEAS - CASE#2025CP0801514

6. Answering the allegations of paragraph 6 of the Complaint, Defendant restates and incorporates by reference its responses to paragraphs 1 through 5 of the Complaint.

7. Answering the allegations of paragraph 7 of the Complaint, Defendant admits that the Plaintiff was present in the subject Lowe's store on the date alleged, but fails to have information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 of the Complaint and therefore denies the same and demands strict proof thereof.

8. Answering the allegations of paragraph 8 of the Complaint, Defendant denies that "a low flat cart had been improperly left in the middle of one of the aisles" and demands strict proof thereof, but Defendant is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of the Complaint, and Defendant denies those allegations on that basis.

9. Defendant denies the allegations in paragraph 9 of the Complaint and demands strict proof thereof.

10. Defendant denies the allegations in paragraph 10 of the Complaint and demands strict proof thereof.

11. Defendant denies the allegations in paragraph 11 of the Complaint and demands strict proof thereof.

12. Answering the allegations of paragraph 12 of the Complaint, Defendant admits that the Plaintiff was present in the subject Lowe's store on the date alleged, and purports to have fallen in the garden center, but Defendant fails to have information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of the Complaint and therefore denies the same and demands strict proof thereof.

ELECTRONICALLY FILED - 2025 Jun 20 2:50 PM - BERKELEY - COMMON PLEAS - CASE#2025CP0801514

13. Defendant fails to have information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies the same and demands strict proof thereof.

14. In response to paragraph 14 of the Complaint, Defendant admits that it has a duty to keep its premises in a reasonably safe condition and other and further duties as are prescribed by the law of the state of South Carolina, and alleges that it did comply with said laws at all times relevant to this matter, but otherwise would refer to the law of the state of South Carolina for a description of these duties and, therefore, denies all other or inconsistent allegations of paragraph 14 and demands strict proof thereof.

15. Defendant denies the allegations in paragraph 15 of the Complaint, and further denies the allegations in the subsections to paragraph 15 of the Complaint, and demands strict proof thereof.

16. Defendant denies the allegations in paragraph 16 of the Complaint and demands strict proof thereof.

17. Defendant denies the allegations in paragraph 17 of the Complaint and demands strict proof thereof.

18. Defendant denies the allegations in paragraph 18 of the Complaint and demands strict proof thereof.

19. Defendant denies the allegations in paragraph 19 of the Complaint and demands strict proof thereof.

20. Answering the allegations of paragraph 20 of the Complaint, Defendant restates and incorporates by reference its responses to paragraphs 1 through 19 of the Complaint.

ELECTRONICALLY FILED - 2025 Jun 20 2:50 PM - BERKELEY - COMMON PLEAS - CASE#2025CP0801514

21. Answering the allegations of paragraph 21 of the Complaint, Defendant submits said allegations appear to be legal conclusions to which no response of this Defendant would be required but submits that, at all relevant times, it complied with the laws of the state of South Carolina, and Defendant denies the allegations on that basis.

22. Defendant denies the allegations in paragraph 22 of the Complaint and demands strict proof thereof.

23. Defendant denies the allegations in paragraph 23 of the Complaint and demands strict proof thereof.

24. Defendant denies the allegations in paragraph 24 of the Complaint and demands strict proof thereof.

25. Defendant denies the allegations in paragraph 25 of the Complaint, and further denies the allegations in the subsections to paragraph 25 of the Complaint, and demands strict proof thereof.

26. Defendant denies the allegations in paragraph 26 of the Complaint and demands strict proof thereof.

27. Defendant denies the allegations in paragraph 27 of the Complaint and demands strict proof thereof.

28. Defendant denies each and every allegation contained in the "WHEREFORE" clause of Plaintiff's Complaint.

29. Defendant denies each and every allegation of the complaint not admitted, qualified, or explained herein.

ELECTRONICALLY FILED - 2025 Jun 20 2:50 PM - BERKELEY - COMMON PLEAS - CASE#2025CP0801514

**FOR A SECOND DEFENSE**

30. Plaintiff's complaint fails to state facts sufficient to constitute a cause of action and should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

**FOR A THIRD DEFENSE**

31. Defendant alleges that the Plaintiff was solely responsible for his alleged injuries and alleged damages by failing to proceed carefully while walking, and by other acts or omissions as may be established by the evidence at trial, and that such negligent acts or omissions were the direct and proximate cause of any injuries and damages that the Plaintiff may have sustained, for which reason Defendant is not liable to the Plaintiff.

**FOR A FOURTH DEFENSE**

32. Defendant alleges that the alleged accident and alleged damages arising therefrom were the direct and proximate result of the negligence, gross negligence, recklessness, willfulness, wantonness, carelessness and recklessness on the part of the Plaintiff and such negligence and gross negligence was a contributing proximate cause of any injuries of the Plaintiff and such bars any recovery by the Plaintiff against this Defendant. To the extent that the Plaintiff's own negligence and gross negligence is not a complete bar to his action against this Defendant, then such constitutes a partial bar so as to cause a reduction in the amount of any verdict that might be awarded to Plaintiff in an amount equal to the percentage of his own negligent or grossly negligent conduct.

**FOR A FIFTH DEFENSE**

33. Defendant alleges that any injuries suffered by the Plaintiff were the result of intervening negligence of a third party over whom Defendant had no control, which negligence

ELECTRONICALLY FILED - 2025 Jun 20 2:50 PM - BERKELEY - COMMON PLEAS - CASE#2025CP0801514

superseded any negligence committed by Defendant, which is defined and referenced only in the alternative, for which reason the Plaintiff may not recover from Defendant in any sum whatsoever.

**FOR A SIXTH DEFENSE**

34. The "low flat cart" over which Plaintiff allegedly fell and was allegedly injured was not a danger, defect, hazardous condition, or condition presenting an unreasonable risk of harm; therefore, Defendant had no duty to warn of the same.

35. To the extent such "low flat cart" constituted a danger, defect, hazardous condition, or condition presenting an unreasonable risk of harm, such danger, defect, hazardous condition, or condition presenting an unreasonable risk of harm was open and obvious to the Plaintiff.

**FOR A SEVENTH DEFENSE**

36. Defendant submits that an award of punitive damages would constitute an impermissible and excessive fine under the Eighth Amendment of the United States Constitution, and such damages would further be a violation of the due process and equal protection clauses of the Fifth and Fourteenth Amendments to the United States Constitution, as well as the applicable corresponding sections of the South Carolina Constitution, Article I, Section 3.

**FOR AN EIGHTH DEFENSE**

37. Defendant submits that an award of punitive damages permitted to be made by the jury in the jury's discretionary determination of the amount of the award lacks a sufficiently definite or meaningful standard and applies an improper standard in violation of the Defendant's right to due process of law under the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution.

ELECTRONICALLY FILED - 2025 Jun 20 2:50 PM - BERKELEY - COMMON PLEAS - CASE#2025CP0801514

WHEREFORE, having fully answered Plaintiff's Complaint, this Defendant prays the same be dismissed with prejudice, for trial by jury, that it be awarded the costs of this action, and such other and further relief as the Court may deem just and proper.

**LOWE'S HOME CENTERS, LLC**

/s/ Michelle E. Gaston
Michelle E. Gaston, Esq. (SC Bar No. 107320)
STEPTOE & JOHNSON PLLC
P.O. Box 30240
Myrtle Beach, SC 29588
Telephone: 304-522-8290
Facsimile: 304-526-8089
Michelle.Gaston@steptoe-johnson.com

ELECTRONICALLY FILED - 2025 Jul 16 11:28 AM - BERKELEY - COMMON PLEAS - CASE#2025CP0801514

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF BERKELEY** | ) | **C.A. NO.: 2025-CP-08-01514** |
| **Robert Fivecoate,** | ) | |
| **Plaintiff,** | ) | **CONSENT MOTION FOR ENTRY OF CONFIDENTIALITY ORDER** |
| **vs.** | ) | |
| **Lowe's Home Centers, LLC d/b/a Lowe's Summerville Store #0358,** | ) | |
| **Defendant.** | ) | |

Defendant herein, with consent of the Plaintiff, moves for entry of a Confidentiality Order in the form submitted to the Court herewith. The basis for this motion is that Plaintiff has requested in discovery certain confidential documents, including proprietary information. Defendant has agreed to produce such documents upon entry of this Order.

Respectfully submitted this 16th day of July, 2025.

**LOWE'S HOME CENTERS, LLC**

/s/Jeffrey W. Ward, Jr., Esq.
Jeffrey W. Ward, Jr, Esq. (SC Bar #102399
Miller, Dawson, Sigal & Ward, LLC
1090 East Montague Avenue
North Charleston, SC 29405
Tel.: (843)284-7780
Ward@MDSWLegal.com
***Attorney for Plaintiff***

/s/ Michelle E. Gaston, Esq.
Michelle E. Gaston, Esq.
(SC Bar No. 107320)
STEPTOE & JOHNSON PLLC
P.O. Box 30240
Myrtle Beach, SC 29588
Telephone: 304-522-8290
Facsimile: 304-526-8089
Michelle.Gaston@steptoe-johnson.com
***Attorney for Defendant***

ELECTRONICALLY FILED - 2025 Jul 17 11:12 AM - BERKELEY - COMMON PLEAS - CASE#2025CP0801514

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF BERKELEY** | ) | **C.A. NO.: 2025-CP-08-01514** |
| **Robert Fivecoate,** | ) | |
| **Plaintiff,** | ) | **CONSENT PROTECTIVE ORDER** |
| **vs.** | ) | |
| **Lowe's Home Centers, LLC d/b/a Lowe's Summerville Store #0358,** | ) | |
| **Defendant.** | ) | |

Whereas, the Parties to this Consent Protective Order have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this Order; accordingly, it is here ORDERED:

1. The agreement contained herein shall be applicable both during the pendency of and following the resolution of the above action in the Court of Common Pleas of Berkeley County, South Carolina, including any appeal thereof ("the Lawsuit").

2. Subject to the terms and restrictions of this Protective Order, the Parties may disclose in discovery purportedly confidential, proprietary and/or otherwise sensitive information. However, no provision in this Protective Order shall be construed as a requirement that any Party disclose privileged information or as a waiver of any privilege by any Party or non-parties. Nor shall any provision in this Protective Order be construed to require the disclosure of information the confidentiality of which is otherwise protected by state or federal law.

3. "Confidential Information" means documents, writings, things, testimony, discovery responses, affidavits, or any other form of information, tangible or intangible, that

ELECTRONICALLY FILED - 2025 Jul 17 11:12 AM - BERKELEY - COMMON PLEAS - CASE#2025CP0801514

contains confidential information, proprietary information, and trade secrets which may be produced or disclosed during discovery or at a hearing in the Lawsuit.

4. Any Party may designate as "confidential" any material this is produced in this action, including without limitation, information contained in answers to interrogatories or depositions, or any information in the exhibits, documents or things produced in the Lawsuit, provided the Party in good faith believes said information or documents contain confidential and/or proprietary information, and the Party expressly affirms that the information is not publicly available or has not been produced in other litigation without designating it as confidential.

5. A Party shall identify Confidential Information with the following designation: "CONFIDENTIAL". Placement of the "CONFIDENTIAL" designation shall not infringe on the ability to read the document. All medical records will be deemed "Confidential" pursuant to HIPAA without the need to designate the records as "Confidential". Information related to Non-party residents and/or employee personnel information will further be deemed "Confidential" without the need to designate such record(s) as "Confidential."

6. Any Party objecting to the designation of any particular information as Confidential or to the specified level of confidentiality or believing that any such designation is not made in good faith (collectively referred to as "objections") shall attempt to resolve the matter by setting forth in writing to counsel for the other Party the objection(s) and the reason(s) therefore. Any objection which is unable to be resolved by the Parties within ten (10) working days of the receipt of the objection shall be raised with the Court by the Party asserting confidentiality. Pending the determination by the Court, the document or information shall retain its protected status.

ELECTRONICALLY FILED - 2025 Jul 17 11:12 AM - BERKELEY - COMMON PLEAS - CASE#2025CP0801514

7. Confidential Information that is designated as "CONFIDENTAL" shall not be disclosed to or discussed with any person except the Party receiving the Confidential Information, attorneys of record and employees of such attorneys assigned to and necessary to assist in the conduct of this action, consultants or designated experts, witnesses (but only to the extent such Confidential Information in reasonably related to the witnesses' testimony), court reporters employed in connection with this action, and the Court.

8. Disclosure of Confidential Information to those persons identified in paragraph seven(7) may be made only in connection with this litigation. The Confidential information specifically shall not be used or referred to, directly or indirectly, (a) for any business or competitive purpose, (b) for publicity, or (c) in any material disseminated to any person not authorized to receive Confidential Information under the terms hereof. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same expect as expressly provided herein.

9. Nothing herein shall preclude the Parties from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to, the grounds of the admissibility of the evidence, materiality, trial preparation materials, and privilege.

10. The Parties hereby stipulate and agree that, to the extent that information or material is protected by the South Carolina Trade Secrets Act or any other applicable law regarding trade secrets, such information or material shall not lose its status as a trade secret by virtue of its production in the Lawsuit pursuant this Protective Order.

ELECTRONICALLY FILED - 2025 Jul 17 11:12 AM - BERKELEY - COMMON PLEAS - CASE#2025CP0801514

11. This Protective Order has no effect upon, and its scope shall not extend to, any Party's own use of its own Confidential Information.

12. In the even that a confidential document or thing is or has been produced without having been previously marked Confidential, a Party shall notify the other Party as soon as possible of the appropriate designation as Confidential. Upon such notice, the Party in receipt of that document or thing shall stamp the document or thing "CONFIDENTIAL" and thereafter preserve such document or thing in accordance with this Order.

13. Once this Protective Order is executed by the Parties, it may only be modified through an order or written agreement of the Parties. This Protective Order is entered without prejudice to the right of any Party or person from whom discovery is sought to seek modification of this Order from the Court with respect to any specific information.

14. The termination of proceedings in this action shall not thereafter relieve any person to whom Confidential Information was disclosed, including counsel for parties, from the obligation of maintaining the confidentiality of all such materials received pursuant to this Protective Order. Neither the termination of this action not the termination of the employment, engagement, or agency of any person who had access to any Confidential Information shall relieve any person from the obligation of maintain both the confidentiality and the restrictions on use of any confidential material disclosed pursuant to this Protective Order.

15. Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this order.

16. All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation

ELECTRONICALLY FILED - 2025 Jul 17 11:12 AM - BERKELEY - COMMON PLEAS - CASE#2025CP0801514

"CONFIDENTIAL" if the does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

17. In the event that any party hereto desires to make a substitution of attorneys, the proposed new counsel for such party shall, prior to being substituted as counsel in this action, be provided with a copy of this Protective Order and shall agree, in writing, to the terms set forth therein.

18. This Protective Order is presented to the Court for entry in the above-captioned matter. This Protective Order also shall serve as a stipulation and agreement between the Parties, shall be binding on the Parties and their Counsel (including all employees and agents of the law firms below), and shall be effective immediately upon signature by the Court.

19. Within thirty days after the conclusion of the action, each party shall gather the "CONFIDENTIAL" materials, copies thereof, and related notes and memoranda, including materials given by that party to any other individual, and shall return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of a receiving party or the party's expert witness or consultant, that party elects to destroy the documents and certifies to the producing party that it has done so.

ELECTRONICALLY FILED - 2025 Jul 17 11:12 AM - BERKELEY - COMMON PLEAS - CASE#2025CP0801514

**AND IT IS SO ORDERED.**

______________________________
Presiding Judge

______________________________, 2025

**WE SO MOVE AND CONSENT:**

/s/ Jeffrey W. Ward, Jr., Esq.
Jeffrey W. Ward, Jr, Esq. (SC Bar #102399
Miller, Dawson, Sigal & Ward, LLC
1090 East Montague Avenue
North Charleston, SC 29405
Tel.: (843)284-7780
Ward@MDSWLegal.com
***Attorney for Plaintiff***

/s/ Michelle E. Gaston, Esq.
Michelle E. Gaston, Esq.
(SC Bar No. 107320)
STEPTOE & JOHNSON PLLC
P.O. Box 30240
Myrtle Beach, SC 29588
Telephone: 304-522-8290
Facsimile: 304-526-8089
Michelle.Gaston@steptoe-johnson.com
***Attorney for Defendant***

ELECTRONICALLY FILED - 2025 Jul 17 11:12 AM - BERKELEY - COMMON PLEAS - CASE#2025CP0801514

Berkeley Common Pleas

| | |
|---|---|
| **Case Caption:** | Robert Fivecoate VS Lowe'S Home Centers, Llc , defendant, et al |
| **Case Number:** | 2025CP0801514 |
| **Type:** | Order/Protective Order |

So Ordered

s/Jennifer B. McCoy #2764

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF BERKELEY** | ) | **C.A. NO.: 2025-CP-08-01514** |
| **Robert Fivecoate,** | ) | |
| **Plaintiff,** | ) | **NOTICE OF FILING NOTICE OF REMOVAL BY DEFENDANT LOWE'S HOME CENTERS, LLC** |
| **vs.** | ) | |
| **Lowe's Home Centers, LLC d/b/a Lowe's Summerville Store #0358,** | ) | |
| **Defendant.** | ) | |

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE that on October 16th, 2025 Defendant Lowe's Home Centers, LLC d/b/a Lowe's Summerville Store #0358 filed its "Notice of Removal", effecting removal of the above-captioned action from the Court of Common Pleas, Ninth Judicial District, South Carolina, to the United States District Court for the District of South Carolina. A true and accurate copy of the "Notice of Removal" (with exhibits) is attached hereto as **Exhibit A** and is incorporated herein by reference**.** Pursuant to 28 U.S.C. §1446(d), this Court shall take no further action with respect to the above-captioned matter unless the case is remanded.

**LOWE'S HOME CENTERS, LLC**

/s/ Michelle E. Gaston
Michelle E. Gaston, Esq. (SC Bar No. 107320);
(DSC No. 14513)
STEPTOE & JOHNSON PLLC
P.O. Box 30240
Myrtle Beach, SC 29588
Telephone: 304-522-8290

Facsimile: 304-526-8089
**STEPTOE & JOHNSON, PLLC**
**Of Counsel**
Michelle.Gaston@steptoe-johnson.com

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF BERKELEY** | ) | **C.A. NO.: 2025-CP-08-01514** |
| **Robert Fivecoate,** | ) | |
| **Plaintiff,** | ) | **NOTICE OF FILING NOTICE OF REMOVAL BY DEFENDANT LOWE'S HOME CENTERS, LLC** |
| **vs.** | ) | |
| **Lowe's Home Centers, LLC d/b/a Lowe's Summerville Store #0358,** | ) | |
| **Defendant.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 16th, 2025, I electronically filed the foregoing ***"Notice of Filing Notice of Removal"*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record, provided they are CM/ECF participants. In addition, I have further mailed complete copies of these filings to counsel below via First Class US Mail:

Jeffrey W. Ward, Jr., (SC Bar No. 102399)
Amy E. McLaren, Esq. (SC Bar No. 101308)
Miller, Dawson, Sigal & Ward, LLC
4969 Centre Point Drive, Ste. 103
North Charleston, SC 29418
Telephone: (843) 284-7780
Facsimile: (843) 284-9118
Ward@MDSWLegal.com
Amy@MDSWLegal.com
*Attorneys for Plaintiff*

**LOWE'S HOME CENTERS, LLC**

*/s/ Michelle E. Gaston*
Michelle E. Gaston, Esq. (ID# 14513)